# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| DANIELLE DOTSON, | * | |
| As parent and natural guardian of | * | |
| B.M., a minor child, | * | |
| | * | No. 17-637V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: February 28, 2019 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees and costs, |
| | * | Interim Award |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Richard Gage</u>, Richard Gage, P.C., Cheyenne, WY, for petitioner;
<u>Diana Lynn Stadelnikas</u>, Maglio Christopher and Toale, PA, former counsel for petitioner
<u>Darryl R. Wishard</u>, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION DENYING ATTORNEYS' FEES
AND COSTS ON AN INTERIM BASIS**[1]

The petitioner, Danielle Dotson, is pursuing a claim that the measles-mumps-rubella ("MMR"), influenza ("flu"), pneumococcal conjugate ("PCV"), and Hepatitis A ("Hep A") vaccines on November 7, 2014, caused her minor son, B.M., to suffer from acute disseminated encephalomyelitis ("ADEM"). Ms. Dotson seeks compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§300aa-10 through 34 (2018). While her claim is still

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

pending, Ms. Dotson filed a motion for an award of attorneys' fees and costs on an interim basis. For the reasons elucidated below, Ms. Dotson's motion is denied without prejudice to renew.

## Procedural History

Ms. Dotson's first counsel, Anne Carrion Toale, began working on Ms. Dotson's case in November 2016. Exhibit 15 (timesheets) at 1. The petition was filed on May 15, 2017. Ms. Dotson later filed medical records and affidavits in support of her petition.

The Secretary reviewed this material and recommended against compensation. Resp't's Rep., filed Nov. 9, 2017. The Secretary challenged petitioner's claim that B.M. suffered from ADEM and argued that, even if B.M. did suffer from ADEM, the evidence in the record did not support a finding that the ADEM was caused-in-fact by the vaccines B.M. received. Part of the deficiency, according to the Secretary, was that petitioner did not present expert opinion linking the vaccination to the alleged condition. Id. at 10-11.

Following the Rule 4(c) report, petitioner sought multiple enlargements of time and stays of the proceeding to allow her more time to file an expert report in support of her claim of causation. See ECF Nos. 26-36. During this time, Ms. Stadelnikas became counsel of record, replacing Ms. Toale. Ms. Stadelnikas is with the same law firm as Ms. Toale and this substitution was, based on the undersigned's understanding, the result of a temporary leave of absence taken by Ms. Toale.

According to Ms. Stadelnikas, she was working to obtain a supportive expert report when she was informed that petitioner had retained new counsel. Pet'r's Reply, filed Aug. 17, 2018, at 2. Ms. Stadelnikas, on Ms. Dotson's behalf, then moved for an award of interim attorneys' fees and costs on August 2, 2018, and was substituted by Mr. Richard Gage on August 15, 2018.

In her original motion, Ms. Dotson provided what she called a "streamlined application" for fees and costs. Pet'r's Mot., filed August 2, 2018, at 2. Ms. Dotson's motion did not provide any argument for the statutory basis or the discretionary considerations in a motion for fees and costs. Instead, she provided a breakdown of her costs and fees, which comprised $29,331.80 in attorneys' fees, $3,253.84 in costs borne by petitioner's attorneys, and $28.29 in costs borne by the petitioner herself.

On August 10, 2018, respondent objected to petitioner's motion on the grounds that Ms. Dotson's petition was not supported by reasonable basis. At its core, the Secretary's argument was based on his belief that Ms. Dotson's petition "provided no evidence." Resp't's Resp. at 4. More specifically, the Secretary argued that "counsel's refusal to file an expert report on petitioner's behalf and anticipated withdrawal as counsel of record is a tacit admission that the claim has no merit." Id. Furthermore, the Secretary argued that the medical records and other evidence in the record "utterly fails to support a vaccine-related injury."

Petitioner filed a reply on August 17, 2018. In her reply, Ms. Dotson noted that B.M. was healthy prior to vaccination and that there was "temporal proximity" between the vaccinations and his subsequent neurological injury. Pet'r's Reply at 6. Furthermore, Ms. Dotson argued that it was reasonable for her attorney to file the claim, even in the absence of medical opinion or medical records, for the purpose of investigating the claim and gathering medical records to determine if it was advisable to proceed with the claim. Id. at 9. Ms. Dotson also noted that her own firm had brought many successful claims based on allegedly similar sets of facts. Id. at 7. Finally, Ms. Dotson pointed out that at least three records from B.M.'s treating physicians discussed the possibility that B.M.'s neurological injury was vaccine related. Id. at 8.

## Analysis

Interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). However, petitioners are not entitled to fee awards as a matter of right; an award of interim fees is within the discretion of the special master. See Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016) (even after good faith and reasonable basis have been established, the special master must determine "whether to exercise his or her discretion to award attorneys' fees and costs"); cf. Avera, 515 F.3d at 1352 (holding that even though permitted under the Vaccine Act, an interim award was not appropriate in that case).

Often when deciding the appropriateness of an interim award, the undersigned will consider factors such as how protracted the proceedings are, whether attorneys have spent large sums on costly experts, and whether there is a situation that creates undue hardship on the petitioner or petitioner's counsel. See Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010);

Avera, 515 F.3d at 1352.  Interestingly, neither party dedicated any part of their argument to address the question of whether an interim award is appropriate here.  Based on the specific circumstances of this case, the undersigned finds that an interim award is not appropriate.

First, the proceedings have not been protracted.  Indeed, counsel had not even worked on petitioner's case for two years at the time the motion for interim fees was filed.  In most cases in the Vaccine Program a proceeding is considered protracted when they have gone on for several years.  Dean v. Sec'y of Health & Human Servs., No. 13-808V, 2015 WL 8001603, at *5 (Fed. Cl. Spec. Mstr. Nov. 12, 2015) (citing Roberts v. Sec'y of Health & Human Servs., No. 09–427V, 2013 WL 2284989, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2013) (granting interim fees when proceedings had been ongoing for over five years); Jakes v. Sec'y of Health & Human Servs., No. 06–831V, 2013 WL 1150518, at *4 (Fed. Cl. Spec. Mstr. Feb. 19, 2013) (awarding Mr. Downing interim fees because the case had been ongoing for over six years)).

Second, petitioner has not incurred any substantial costs related to procuring expert reports in support of her petition.  Indeed, petitioner's costs total $3,253.84, almost all of which has been incurred by counsel, not petitioner individually.

Third, there does not appear to be a situation in which petitioner or counsel are subject to undue hardship.  As noted before, Ms. Dotson, individually, has incurred de minimis costs.  As for counsel, Ms. Stadelnikas' firm has requested approximately $30,000 in fees for their work in this case, fees that may not be awarded for several years depending on how Ms. Dotson's case proceeds.  While $30,000 is not an insubstantial amount of money, it is also not a large sum in the context of Vaccine Act interim fee awards, based on the undersigned's experience.  Furthermore, in considering the question of undue hardship, the undersigned notes that Ms. Stadelnikas's firm is one of the largest that practices in the Vaccine Program, making it much less likely that the undersigned's decision to not award fees on an interim basis will impact the ability of the firm to represent either Ms. Dotson or other Vaccine Claimants.  See Saunders v. Sec'y of Health & Human Servs., 25 F.3d 1031, 1036 (Fed. Cir. 1994) (noting that a secondary purpose of the Act is to ensure that claimants have access to a readily available and competent bar to prosecute their claims).

Though petitioner does not make the argument, it is conceivable that Ms. Stadelnikas's withdrawal from the petition creates the undue hardship that Avera conceives of.  Indeed, special masters have frequently awarded petitioners interim

awards when counsel was withdrawing.  See, e.g., Davis v. Sec'y of Health & Human Servs., No. 15-277V, 2016 WL 3999784, at *3 (Fed. Cl. Spec. Mstr. July 5, 2016) (citing Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 154 (Fed. Cl. 2012) (suggesting that upon counsel's withdrawal, when it is unknowable how long a case might then take, an interim award may be appropriate); Becker v. Sec'y of Health & Human Servs., No. 13–687V, 2014 WL 4923160, at *7 (Fed. Cl. Spec. Mstr. Sept. 11, 2014); Iannotti v. Sec'y of Health & Human Servs., No. 12–782V, 2014 WL 3726614, at *7 (Fed. Cl. Spec. Mstr. July 7, 2014) ("the remedial goals of the Vaccine Program ... are best served if withdrawing counsel who have otherwise represented a petitioner in a demonstrably able fashion are allowed to recover their fees before resolving the merits of a petitioner's underlying claim.")).  See also Bear v. Sec'y of Health & Human Servs., No. 11–362V, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013); Lumsden v. Sec'y of Health & Human Servs., No. 97–588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012); Edmonds v. Sec'y of Health & Human Servs., No. 04–87V, 2012 WL 1229149, at *13 (Fed. Cl. Spec. Mstr. Mar. 22, 2012); Burgess v. Sec'y of Health & Human Servs., No. 07–258V, 2011 WL 159760, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2011).

However, withdrawal, by itself, does not create the circumstances necessary to justify an award of interim fees.  Bear, 2013 WL 691963, at *5 (citing McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 302 (2011)).  Though not dispositive, it is an important factor.  Bear, 2013 WL 691963, at *5 (citing Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 154 (2012.))

In Ms. Dotson's case, Ms. Stadelnikas's withdrawal does not overcome the other Avera factors that advise against an award of interim fees and costs.  Though the Avera factors are non-exhaustive, the fact that the three named factors of prolonged proceedings, expensive experts, and undue hardship are not present weighs heavily against an interim award.  The scale is sufficiently tipped by the absence of these factors so as to not be overcome by the mere fact that Ms. Stadelnikas has withdrawn.

In addition, the undersigned notes that there remains a vigorous debate between the parties regarding the reasonable basis for this petition.  Indeed, the parties' briefs focused almost entirely on this aspect of the case.  Because the record remains poorly developed at this time, a ruling on reasonable basis for the sole purpose of making a determination of Ms. Dotson's eligibility for interim fees appears needlessly premature.  The undersigned is also concerned that an early ruling on reasonable basis may have negative repercussions on Ms. Dotson's

petition.  A finding that reasonable basis exists at this time may falsely lead petitioner to continue to spend considerable resources on a case that, once the underlying facts become more apparent through litigation, is not supported by a reasonable basis.  Alternatively, a finding that reasonable basis does not exist at this time may needlessly chill what is, ultimately, a feasible, if underdeveloped petition.

Accordingly, without making a determination on Ms. Dotson's statutory eligibility for an award of fees and costs, as a matter of discretion, the undersigned declines to award Ms. Dotson interim fees at this time.  Ms. Dotson may re-seek fees and costs in a subsequent motion.  Petitioner's August 2, 2018 motion is DENIED.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master